W.D. LAWTHER and Phylas S. Lawther, Appellants,

v.

SUPER X DRUGS OF TEXAS, INC., and Walgreen Texas Company, Appellees.

No. 01–83–0563–CV.

Court of Appeals of Texas, Houston (1st Dist.).

April 5, 1984.

Rehearing Denied May 17, 1984.

B. Edward Williamson, Michael J. Mazzone, Gillis, Walker, Drexler & Williamson, Houston, for appellants.

Robert L. Rouner, James P. Keenan, Bracewell & Patterson, Houston, for appellees.

Before WARREN, BASS and COHEN, JJ.

OPINION

COHEN, Justice.

The sole question for decision in this summary judgment case is whether the tenant of a shopping center lease had the right, as a matter of law, to assign the lease without the landlord's consent. Both parties in the court below moved for summary judgment. The court granted the summary judgment for the tenants and denied the summary judgment motion of the landlords, holding that the lease clearly gave the tenants the right to assign.

We hold, as a matter of law, that the lease prohibited an assignment without the landlord's consent, and, consequently, we reverse the judgment of the district court and render judgment in favor of the appellants.

On April 13, 1967, the appellants, as lessors, entered a lease with the appellee, Super X Drugs of Texas, Inc., as lessees, for space in a shopping center. The initial lease term was fifteen years, and lessee was granted three five-year options to ex-

tend the lease. In August of 1981, Super X Drugs assigned its interest in the lease to the appellee Walgreen. The appellants objected to the assignment and never consented to it. Super X subsequently brought this action for a declaratory judgment that the assignment was valid.

The lease provisions controlling the disposition of this case provided as follows:

25. If at any time tenant shall desire to sublet or assign the demised premises, it shall notify landlord of the name of the proposed subtenant or assignee and of the general nature of the business which such subtenant or assignee proposes to conduct. If the business which such said subtenant or assignee proposes to conduct would conflict with the exclusive rights granted in leases to other tenants, landlord may, within ten (10) days of receipt of such notice, refuse to approve such sublease or assignment. If landlord fails to approve such subtenant or assignee within ten (10) days after receipt of such notice, *or if landlord refuses to approve such subtenant or assignee for any other reason* than that permitted above, tenant may terminate the lease. Landlord shall, at any time tenant may request, supply to tenant copies from leases to other tenants of all clauses granting exclusive rights to conduct various businesses in the shopping center.

28. The provision of this lease bind and inure to the benefit of the parties hereto, their heirs, executors, administrators, successors and *assigns.* (all emphasis supplied)

It is undisputed that the landlords never consented to the assignment and that the lease was prepared by the tenant, Super X. The landlords make no contention that the business of the assignee, Walgreen, conflicts with any exclusive rights granted to other tenants of the shopping center.

Art. 5237, Tex.Rev.Civ.Stat.Ann. (Vernon 1962) provides:

A person renting said lands or tenements shall not rent or lease the same during the term of said lease to any other person without first obtaining the consent of the landlord, his agent or attorney.

■ Art. 5237 was repealed by Acts 1983, 68th Legislature, page 3729, chapter 576, sec. 6, effective January 1, 1984, and a similarly worded prohibition was re-enacted as part of the property code. See Tex. Property Code sec. 91.005 (Vernon 1984). The parties agree that art. 5237, as quoted above, was in effect at the time the lease was executed and at the time of the purported assignment. The statute expresses the public policy of this state and had been in effect, apparently without amendment, for more than a century before the assignment herein. Art. 5237 is, by operation of law, a part of all lease contracts in Texas. *American National Bank and Trust Company v. First Wisconsin Mortgage Trust,* 577 S.W.2d 312, 316 (Tex.Civ.App.—Beaumont 1979, writ ref'd n.r.e.). In order to change this statutory prohibition against assignments without consent, the parties must clearly express such an intent. *Young v. De la Garza,* 368 S.W.2d 667, 670 (Tex.Civ.App. Dallas 1963, no writ).

■ Nothing in paragraph 25 of the lease gives the tenant a right to assignment. On the contrary, paragraph 25 clearly contemplates that the landlord may refuse consent, not only because of conflict with the exclusive rights of existing tenants, but also expressly mentions that the landlord may refuse to approve a subtenant or assignee "for any other reason ...". The landlord's right to refuse a sublease or assignment is absolute, and the tenant's sole remedy is termination.

The tenants contend that the word "assigns" in paragraph 28 of the lease necessarily implies that there is a right to assign the lease without the landlord's consent. They argue that such an implication is so necessary and so clearly expressed that it defeats both the clear statutory language of art. 5237 and the clear contractual language of paragraph 25. Such an implication is unwarranted.

None of the cases cited by the tenants supports the conclusion that they may assign without consent of the landlords. In *Penick v. Eddleman,* 291 S.W.2d 194 (Tex. Comm.App.1927, judgment adopted), the court held that language almost identical to paragraph 28 did, when "construed in the light of the context of the rest of the contract as written, . . .", import an unrestricted right of assignment. The *Penick* holding does not control this case, however, because there apparently was no language in the *Penick* lease similar to paragraph 25.

*Dillingham v. Williams,* 165 S.W.2d 524 (Tex.Civ.App.—El Paso 1942, writ ref'd w.o.m.) is distinguishable for the same reason. That lease, insofar as the opinion discloses, contained no provision similar to paragraph 25 herein.

*Harris v. Goodloe,* 58 S.W.2d 156 (Tex. Civ.App.—Eastland 1933), aff'd sub nom. *Goodloe and Meredith v. Harris,* 94 S.W.2d 1141 (Tex.Comm.App.1936, opinion adopted) is distinguishable because it construed a clause in an oil well drilling contract, not a lease, and, consequently, art. 5237, *supra,* was inapplicable.

The tenants rely most heavily upon *Houck v. Kroger Company,* 555 S.W.2d 803 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.). The lease in *Houck* contained clauses with identical language, and identical numbering to clauses 25 and 28 herein. The attorneys who represented the tenant in *Houck* also represent the tenant, herein, Super X. In both cases, the tenant furnished the lease.

In *Houck,* the court held that paragraph 28 "imports" a right of the tenant to sublease. The *Houck* court relied upon *Penick v. Eddleman, supra,* and *Dillingham v. Williams, supra,* neither of which require such a result, as matter of law, under the facts of this case.

In addition, *Houck* is distinguishable in several respects. First, it was an appeal from a temporary injunction. Thus, the appellate court merely held that the trial court's determination that the tenant had a "probable right" to assign was not so wrong as to be an abuse of discretion. The question in the instant case is whether the tenant has established, as a matter of law, that he had a right to assign. Second, both the landlord and the assignee in *Houck, supra,* had engaged in dangerous and irresponsible conduct, relying on self-help and ignoring relief available from the courts. Since *Houck* involved the determination of equitable rights, the conduct of the parties was relevant to the appellate court's determination of whether an abuse of discretion had occurred. In the instant case, however, the conduct of the parties is irrelevant, the sole question being whether, by the terms of the lease, the parties clearly expressed their intent that the tenant could assign the lease without the landlord's consent. Third, the *Houck* court had an alternate, separate, and independent basis for its decision, aside from the question of "probable right" to assign under the lease, namely, that the tenants were the last party in peaceable possession of the real estate. The temporary injunction was thus held to be necessary to restrain the landlord from further interference by force and violence with that pre-existing, undisputed right of the tenant under the lease. The temporary injunction was thus justified to maintain the status quo pending final litigation of the controversy. *Houck, supra,* 555 S.W.2d at 806.

It is significant that the *Houck* opinion held there was a conflict between clause 25 and clause 28, and the court concluded that, "such conflicting construction should be determined in a trial on the merits rather than on temporary injunction. It is enough that the evidence at the hearing tends to sustain it." 555 S.W.2d at 806. Thus, the court never determined the issue presented in this case. Unlike the court in *Houck,* we find no ambiguity.

The issue presented is whether the parties clearly expressed an intent to avoid the prohibition of article 5237 against assignments without consent. *Young v. De la Garza, supra.* It is evident from the face of the lease, especially from paragraphs 25 and 28, that no such intent was expressed. Paragraph 25 is entirely consistent with

article 5237. It gives the lessor the right to refuse an assignment and hold the lessee to the terms of the lease, if the assignment would violate the exclusive rights of another tenant. It further provides that if the lessor refuses an assignment "for any other reason", the lessee may terminate the lease. The landlord's right to refuse assignment "for any other reason" is thus expressly retained. Termination is the tenant's sole remedy. The lease does not grant to the tenant the additional right to assign in the absence of consent. Paragraph 28, construed along with paragraph 25, merely provides that, if the landlord consents to an assignment, then both parties are bound by the terms of the original lease.

The appellants' point of error number one is sustained.

In point of error two, the landlords contend that the court erred in denying their motion to compel production of documents. They sought production of all correspondence and agreements between Super X and Walgreens relating to the property in question. These documents contain relevant evidence, they contend, because they would have shown the intention of the Lawthers and Super X regarding the right to assign or sublease, and second, they would have shown whether Super X assigned or subleased the property.

We note that article 5237 and paragraphs 25 and 28 apply to both assignments and subleases. *Dillingham v. Williams, supra.* Therefore, there was no necessity for the landlords to determine whether the contractual relation between Super X and Walgreen was that of assignment or sublease. Furthermore, the intention of the parties was irrelevant because the lease was not ambiguous. *City of Pinehurst v. Spooner Addition Water Co.,* 432 S.W.2d 515 (Tex.1968). Parol evidence regarding the intention of the parties would not have aided the determination of the motions for summary judgment. The trial court did not abuse its discretion in denying the motion for production. Point of error two is overruled.

The judgment of the district court is reversed, and judgment is hereby rendered in favor of the appellants that there is no right on the part of Super X to assign or sublease without the appellants' consent, and any purported assignment or sublease by Super X without the appellants' consent is hereby declared void.