Sharon A. **VASQUEZ** and Edward A. Vasquez, Appellants,

v.

**CARMEL SHOPPING CENTER COMPANY, et al., Appellees.**

No. 13–88–275–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 31, 1989.

Rehearing Denied Oct. 5, 1989.

Thomas R. Markey, Markey, Hughes & Steiner, Corpus Christi, for appellants.

Marshall Boykin, III, Frederick J. McCutchon, Wood, Boykin, Wolter & Keys, Corpus Christi, for appellees.

Before NYE, C.J., and BENAVIDES and KENNEDY, JJ.

## OPINION

BENAVIDES, Justice.

Appellants, Sharon and Edward Vasquez, appeal from a summary judgment granted in favor of their lessors, appellees, for unpaid rent.[1] The record reflects that on April 2, 1984, appellants entered into a lease agreement with lessors. Under the terms of the lease, lessors agreed to rent appellants approximately 5,700 square feet of space in Carmel Shopping Center for a six year period (starting June 1, 1984 and ending May 31, 1990). The lease provided that appellants pay rent in the amount of (1) $1,750.00 for the first month; (2) $2,750.00 a month for the next succeeding thirty-five calendar months (ending May 31, 1987); (3) $3,050.00 a month from June 1, 1987 to April 1, 1990; and (4) $2,050.00 on May 1, 1990.

On or about April 1, 1987, appellants defaulted on the lease when they failed to pay the monthly rental fee and they vacated the premises. After default, lessors took possession of the premises and advertised the property for lease. Lessors subsequently re-let the premises to Showtime Video, Inc., for a term beginning August 1, 1987 and ending May 31, 1990 at a reduced rent of $2,750 per month. Lessors then brought suit against appellants to recover unpaid rentals, expenses incurred to re-let the premises, and the difference in the amount of rent due under appellants' lease and the amount of rent due under the Showtime lease.

In their answer, appellants admitted that they had vacated the premises; however, they asserted that they did not owe the difference in rentals because lessors failed to reasonably mitigate their damages. Appellants alleged in their answer that, prior to the default, they had informed lessors that they might have to break the lease, but that they had procured an acceptable tenant who was willing to assume the lease. According to appellants, lessors were willing to assign the lease to the proposed tenant if he would agree to a rent increase. Lessors, however, ultimately refused to assign the lease when the proposed tenant would not agree to a rent increase. Appellants alleged in their answer that, under the terms of the lease, lessors had the duty to mitigate damages and the duty not to refuse "an assignment of the lease unreasonably." Appellants contended that it was lessors who breached the contract when they refused to assign the lease or mitigate their damages *prior* to appellants' breach.

The record reflects that on December 17, 1987, lessors filed a motion for summary judgment alleging that they were entitled to judgment as a matter of law. On January 14, 1988, a hearing was held on the motion. The trial court granted the motion for summary judgment and awarded lessors $19,108.94 in damages for unpaid rent and expenses incurred by lessors to re-let the premises. The court also awarded 10% interest per annum on unpaid sums and attorney's fees.

On appeal, appellants assert one point of error for review. We affirm the judgment of the trial court.

■ At the outset, we must determine whether appellants have perfected their appeal. Lessors have filed a motion to dismiss the appeal asserting that appellants failed to perfect this appeal by failing to timely file their cash deposit in lieu of bond, their written designation of a transcript, and their transcript with this Court. Lessors concede, however, that the above items were timely filed if the appellate timetable was extended by a proper motion for new trial. Tex.R.App.P. 41(a)(1), 51(b), 54(a).

1. Appellees will hereinafter be referred to as "lessors."

The record reveals that appellants filed a timely motion for new trial; however, appellants' motion failed to allege any error or ground of objection. Appellants' motion simply requested a new trial because the court's judgment was "not just." Lessors argue that, because of its general allegations, appellants' motion failed to comply with Tex.R.Civ.P. 321 & 322. Lessors contend that since the motion was defective, it was ineffective to extend the appellate timetable. We disagree.

Rule 321 requires that the motion for new trial refer to the ruling of the court complained of "in such a way that the objection can be clearly identified and understood by the court." Rule 322 states that "grounds of objections couched in general terms ... shall not be considered by the court." While we agree with lessors' assertion that appellants' motion for new trial does not comply with Rules 321 & 322, we refuse to hold that it does not extend the time for perfecting an appeal. *See Neily v. Arron*, 724 S.W.2d 908, 911 (Tex. App.—Fort Worth 1987, no writ).

In *Arron*, the Fort Worth Court of Appeals dealt with a similar situation. *Id.* The Fort Worth court refused to dismiss an appeal because a motion for new trial did not conform with Rules 321 and 322. *Id.* The court held that a timely filed motion for new trial which does not conform with Rules 321 and 322, does not preserve error for appeal, but nonetheless extends the time for perfecting appeal. *Id.*

Lessors contend that *Arron* is distinguishable from the case at bar in that the instant case was resolved by a summary judgment. We refuse to make such a distinction. Both Tex.R.App.P. 41(a)(1) and 54(a) provide that the appellate timetable will be extended "if a timely motion for new trial has been filed." These rules do not require compliance with Tex.R.Civ.P. 321 and 322, and they do not exclude cases resolved by summary judgment. Since appellants in the instant case timely filed their motion for new trial with the trial court, they timely filed their cash deposit in lieu of bond, designation of transcript, and transcript in this Court.

Next, lessors, citing Tex.R.App.P. 60, contend the appeal should be dismissed because appellants failed to comply with Tex. R.App.P. 13(a), 19 and 54. We have considered lessors' complaint and deny the relief requested. Accordingly, we overrule lessors' motion to dismiss.

By their first point of error, appellants assert that the trial court erroneously granted summary judgment when the evidence presented at the summary judgment hearing established that there were material fact issues. Appellants assert that the lessors did not establish their entitlement to judgment as a matter of law because there were questions of fact concerning whether the lessors had reasonably mitigated their damages when they refused to assign the lease. Appellants do not challenge the amount of damages awarded to lessors.

In reviewing a summary judgment, we follow the well-established rules set out in *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985); *Major Investments, Inc. v. De Castillo*, 673 S.W.2d 276, 279 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.). The movant's burden is to show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. The reviewing court, in determining whether a fact issue exists, must take all evidence favorable to the non-movant as true. Every reasonable inference must be indulged, and every doubt resolved in favor of the non-movant. *Nixon*, 690 S.W.2d at 548–49. Evidence that favors the movant's position will not be considered unless it is uncontroverted. *Id.* Likewise, the reviewing court may consider only the evidence on file before the trial court at the time of the hearing. *Gandara v. Novasad*, 752 S.W.2d 740, 743 (Tex.App.—Corpus Christi 1988, no writ).

The record reflects that lessors attached to their motion for summary judgment the following summary judgment evidence: (1) an affidavit of Maury Wolfson, a corporate representative of Carmel Shopping Center; (2) the lease agreement; and

(3) an accounting of lessors' losses resulting from appellants' breach.

On December 29, 1987, appellants timely filed their response to lessors' motion for summary judgment. Appellants asserted in their response that there were material fact issues in the case. Specifically, they asserted that the summary judgment evidence presented to the trial court raised the following fact issues: 1) whether the lessors "unreasonably refused the assignment of the lease;" 2) whether the lessors' refusal to assign the lease prior to the breach constituted a failure to mitigate damages; and 3) whether the failure to mitigate damages constituted a breach of the contract in view of the fact that *at that time the appellants had not yet breached the contract.*

Appellants, however, did not timely file any summary judgment evidence with the court. The record reflects that on January 12, 1988, two days before the hearing, appellants filed the affidavits of Sharon Vasquez and Mark P. Rice. Likewise, on January 18, 1988, four days after the hearing, appellants filed Edward Vasquez' affidavit and a supplemental response with the court.

Initially, lessors ask this Court not to consider the affidavits of Sharon Vasquez, Edward Vasquez, and Mark Rice. Specifically, they contend that these affidavits were not timely filed, not considered by the trial court, and should not be considered on appeal.

Tex.R.Civ.P. 166a(c) provides that "except on leave of court, the adverse party, *not later than seven days prior to the day of hearing* may file and serve opposing affidavits or other written response" (emphasis ours). If a non-movant wishes to have a late-filed affidavit or response considered by the trial court, it must first obtain leave of court to file the late document. *Gandara,* 752 S.W.2d at 743; *M & M Construction Company v. Great American Insurance Company,* 749 S.W.2d 526, 527 (Tex.App.—Corpus Christi 1988, writ dism'd w.o.j.). There must be some affirmative indication in the record that the trial court permitted the late filing of the affida-

vits or response. *M & M Construction Co.,* 749 S.W.2d at 527. When there is nothing in the record to indicate that leave of court was given permitting the late filing of affidavits or responses, it must be presumed that the trial court did not consider the affidavits or the response. *Cf. Goswami v. Metropolitan Savings and Loan Association,* 751 S.W.2d 487, 490–91 (Tex.1988).

In the instant case, the record does not contain a signed order from the court which grants leave to file late-filed affidavits or a late supplemental response. The record does reveal, however, that on the day of the hearing the court noted on its docket sheet that it "granted leave and accepted [appellants'] late filed affidavits *as filed on the date of hearing."* The docket sheet further reflects that the court requested any *additional authorities* be submitted by January 18, 1988.

Since the affidavits of Sharon Vasquez and Mark Rice were on file on the day of the hearing, and the record indicates the trial court permitted the late filing of such affidavits, we will consider them in our review of the judgment. There is, however, nothing in the record to indicate that appellants obtained leave to file the affidavit of Edward Vasquez or the supplemental response which were filed after the hearing was held. Accordingly, we will presume that the trial court did not consider Edward Vasquez' affidavit or the supplemental response, and they shall not be considered in our review of the summary judgment.

■ Our review of the record reveals that the summary judgment evidence presented by lessors established their right to a summary judgment.

Maury Wolfson, in his affidavit, attested that on April 2, 1984, lessors entered into a lease contract with appellants; on April 2, 1987, appellants defaulted on payment of the rent; appellants have continuously been in default under the terms of the lease; lessors mitigated the loss of rent from April 1987 through the present by re-letting the premises; and the total amount owed by appellants to appellee un-

der the lease, before adding the 10% contractual interest, is $19,108.94.

The lease agreement provided as follows:

*If Landlord or its representatives shall declare this Lease Agreement forfeited because of breach ...*, the parties hereby covenant and agree that Tenant shall be liable for damages.... The total amount of such rental payment until such time as *Landlord shall re-let the premises, which landlord shall make reasonable efforts to do at the best rental available.... In addition, Landlord shall be entitled to* either *of the following* alternative measures of damages:

(1) After the premises have been re-let by Landlord, Tenant shall pay to Landlord on the last day of each of the remaining rental periods as damages for the breach of this Lease Agreement the difference between the rent provided for by this lease for such period and that actually collected by Landlord for such period....

(2) When Landlord desires, it may demand final settlement. Upon demand for a final settlement, Landlord shall have the right to, and tenant hereby agrees to pay, the difference between the rental provided for in this Agreement for the remainder of the term and the reasonable rental Lease Agreement, or such other amount as a court of competent jurisdiction shall determine.... The damages provided for herein shall be discounted to present value at the rate of six percent (6%). (Emphasis ours).

Thus, the lease agreement required lessors to make reasonable efforts to mitigate damages when a breach occurred. Under the express terms of the lease, appellants agreed that if they breached the contract, they would compensate lessors for any deficit in rental values. It is important to note, however, that the lease imposed no duty upon lessor to "mitigate damages" prior to a breach, nor did it impose a duty upon lessors to accept an assignment of the lease. The contract instead expressly provided that lessors had the right to refuse an assignment of the lease by appellants.

Once lessors established their right to summary judgment, it was incumbent upon appellants to show that there was a material issue of fact. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 674–77 (Tex.1979). Appellants rely on the affidavits of Sharon Vasquez and Mark Rice to support their assertion that there were material fact issues.

In her affidavit, Mrs. Vasquez attested that prior to September of 1985 she had become seriously ill. She attested that as a result of her illness she needed to sell her business. She, therefore, went to VR Business Brokers in an attempt to sell her business. Mark Rice, an employee of VR Business Brokers, found a potential buyer of the business. The potential buyer agreed to purchase the business only if the lessors would agree to assign the lease to him. According to Mrs. Vasquez, lessors refused to assign the lease to the potential buyer when the buyer refused to consent to a rent increase. Mrs. Vasquez attested that because the lessors refused to assign the lease, the deal fell through and she had no choice but to default on the lease.[2] Mark Rice attested to essentially the same facts in his affidavit.

On appeal, appellants argue that the uncontroverted affidavits of Sharon Vasquez and Mark Rice established that the lessors gave up their right to sue under the contract since they breached the lease themselves by failing to mitigate damages. We disagree.

It is well-settled under Texas law that a landlord has no duty to accept an assignment of a lease unless the parties clearly express such an intent. *Cf. Reynolds v. McCullough*, 739 S.W.2d 424, 429 (Tex. App.—San Antonio 1987, no writ); *Lawther v. Super X Drugs of Texas, Inc.*, 671 S.W.2d 591, 592 (Tex.App.—Houston [1st Dist.] 1984, no writ); *see also* Tex.Prop. Code Ann. § 91.005 (Vernon 1984). As previously noted, the lease in the instant case did not impose a duty upon lessors to ac-

---

**2.** We note that Mrs. Vasquez did not state in her deposition that she had informed lessors that if the assignment failed, she would have to breach the lease.

cept the assignment of the lease. Since the lease in question did not impose a duty upon lessors to accept an assignment of the lease, they did not breach the lease when they refused to accept such an assignment.

Likewise, the lease did not impose a duty upon the lessors to mitigate damages prior to a breach. In their response to the summary judgment, appellants alleged that the lessors had a duty to mitigate damages even though *appellants had not yet breached* the contract. The express terms of the contract, however, provide to the contrary. Under the express terms of the contract, lessors' duty to mitigate damages did not arise until *after* appellants breached the contract. As discussed above, the lessors established that they did mitigate its damages after appellants breached the contract.

 Additionally, appellants allege for the first time on appeal that the doctrine of anticipatory breach should apply. They argue in their brief that they orally repudiated the contract when they informed lessors that they would not be able to pay the rent in the future. Appellants contend that after repudiation, lessors had the immediate duty to mitigate their damages. According to appellants, when lessors refused to assign the lease to the proposed tenant, they failed to mitigate their damages and should be precluded from pursuing any further remedy or action against appellants. However, appellants neither alleged in their response nor offered any proof that they orally repudiated or breached their contract before lessors' refusal to assign the lease. To the contrary, appellants alleged in their response that they did not breach the lease until *after* lessors refused to assign the lease.

As previously discussed, Texas law provides that once a movant has shown that he is entitled to summary judgment, the non-movant must expressly present to the trial court the reasons for avoiding a summary judgment. *Central Education Agency v. Burke,* 711 S.W.2d 7, 8–9 (Tex.1986); *City of Houston,* 589 S.W.2d at 674–77. Issues not expressly presented to the trial court by the non-movant in his response may not be raised for the first time on appeal. *Castleberry v. Goolsby Building Co.,* 608 S.W.2d 763, 765 (Tex.Civ.App.—Corpus Christi 1980), *aff'd,* 617 S.W.2d 665 (Tex. 1981); *Fisher v. Capp,* 597 S.W.2d 393, 397 (Tex.Civ.App.—Amarillo 1980, writ ref'd n.r.e.); Tex.R.Civ.P. 166a(c).

Since appellants did not expressly present to the trial court an issue concerning anticipatory breach as a reason to avoid a summary judgment, they cannot assert this theory on appeal as grounds for reversal. Appellants' point of error is overruled.

The judgment of the trial court is AFFIRMED.