OPINION


No. 04-04-00679-CV

DUTTON-LAINSON COMPANY,
Appellant

v.

DO IT BEST CORPORATION,
Appellee

From the 81st Judicial District Court, Karnes County, Texas
Trial Court No. 01-08-00147-CVK
Honorable Stella Saxon, Judge Presiding
 
Opinion by:    Catherine Stone, Justice
 
Sitting:            Catherine Stone, Justice
Sarah B. Duncan, Justice
Phylis J. Speedlin, Justice

Delivered and Filed: September 28, 2005

MOTION TO VACATE DENIED; AFFIRMED
            In this appeal, we must determine whether a manufacturer has a statutory duty to indemnify
a seller for losses incurred in a products liability action in the absence of proof that the allegedly
defective product was produced by that manufacturer. Because we hold that section 82.002 of the
Texas Products Liability Act imposes a duty on such a manufacturer to indemnify the seller, we
affirm the trial court’s judgment.
Factual and Procedural Background
            Mike Huddleston and his wife filed a products liability lawsuit against Alamo Lumber
Company, Inc., Dutton-Lainson, and Do It Best Corporation (“DIB”). Huddleston alleged he was
injured when a brake winch handle malfunctioned and injured him. The winch, which was in
Huddleston’s constructive possession, was disposed of prior to the lawsuit being filed. Huddleston
alleged the winch had been manufactured by Dutton-Lainson. Huddleston further alleged DIB, a
distributor of winches, sold the defective winch to his employer, Alamo Lumber.
            DIB filed a cross-claim against Dutton-Lainson requesting statutory indemnification pursuant
to section 82.002 of the Texas Products Liability Act. On September 2, 2003, DIB filed a motion
for summary judgment on its indemnity claim. DIB supported its motion with several exhibits,
including the affidavit of Richard Linker verifying that DIB had been a wholesaler and distributor
of Dutton-Lainson products, including brake winches, since 1988. DIB also attached the affidavit
of attorney Dwayne Day, who stated that DIB incurred reasonable attorney’s fees, costs, and
expenses of $21,805.35 in defending the products liability action through August 28, 2003. 
            In its reply to DIB’s motion for summary judgment, Dutton-Lainson argued that the identity
of the winch and its manufacturer were disputed and unknown, and could never be verified because
Huddleston had disposed of the winch before filing suit. Dutton-Lainson complained that it had not
been proven to be in the chain of distribution and that “a seller is not entitled to indemnification from
just any manufacturer.” Dutton-Lainson attached the affidavits of Bruce Dillin and Reinhold Haase
in order to show genuine issues of material fact remained on DIB’s indemnity claim. The alleged
defective winch had been described as “silver” in Huddleston’s deposition, and Dillin testified
Dutton-Lainson never sold silver-colored winches to DIB. Haase testified in his affidavit that
although Dutton-Lainson is a manufacturer of the model number winch identified by Huddleston’s
counsel, Dutton-Lainson could not have been in the chain of distribution. The trial court held a
hearing on DIB’s motion for summary judgment on September 30, 2003, but took the motion under
advisement.
            On April 22, 2004, the trial court granted the no evidence motions for summary judgment
filed by DIB and Dutton-Lainson as to Huddleston’s products liability claims, thereby dismissing
the underlying claims against them. Thereafter, DIB submitted an additional affidavit of Dwayne
Day wherein Day testified that DIB had incurred $29,000.64 in attorneys fees, costs, and expenses
in defending the products liability action and in pursuing DIB’s indemnity claims against Dutton-Lainson through June 24, 2004. On June 30, 2004, the trial court entered an order granting DIB’s
motion for summary judgment on its indemnity claim and awarded DIB $29,000.64. The order
stated that Dutton-Lainson was required to continue paying DIB’s additional attorney’s fees, costs,
and expenses incurred in its defense of its indemnity claim until final resolution of the cause.
            Dutton-Lainson subsequently filed a motion for new trial from the trial court’s interlocutory
order, and DIB filed a response. The trial court denied Dutton-Lainson’s motion for new trial on
August 17, 2004, and Dutton-Lainson filed a notice of appeal on September 16, 2004. On October
15, 2004, DIB filed a motion for final summary judgment and attached an affidavit showing it had
incurred additional expenses of $7,062.61 in defending its indemnity claim since June 24, 2004. The
trial court entered an order granting DIB’s motion for final summary judgment and awarded it an
additional $7,062.61 for costs expended to defend its indemnity claim, and $10,000 for conditional
appellate attorney’s fees.
Summary Judgment
            In its first issue, Dutton-Lainson contends the trial court erred in granting DIB’s motion for
summary judgment because the trial court misconstrued the requirements of the Texas Products
Liability Act. Dutton-Lainson asserts that under the statute, a manufacturer cannot be liable for
indemnity when there is no evidence that the manufacturer produced the specific product at issue. 
Dutton-Lainson also contends DIB did not establish it qualified as a seller under the statute. In its
second issue, Dutton-Lainson asserts genuine issues of material fact existed because Dutton-Lainson
offered proof it did not manufacture the winch in question or sell it to DIB. 
            The standards for reviewing a motion for summary judgment are well established: 1) the
movant for summary judgment has the burden of showing that no genuine issue of material fact
exists and that it is entitled to judgment as a matter of law; 2) in deciding whether there is a disputed
material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken
as true; and 3) every reasonable inference must be indulged in favor of the nonmovant and any
doubts resolved in its favor. Tex. R. Civ. P. 166a(c); Nixon v. Mr. Property Management Co., 690
S.W.2d 546, 548-49 (Tex. 1985). We review a summary judgment de novo to determine whether
a party’s right to prevail is established as a matter of law. Dickey v. Club Corp. of Am., 12 S.W.3d
172, 175 (Tex. App.–Dallas 2000, pet. denied).
            DIB’s indemnity claim is asserted under section 82.002 of the Texas Civil Practices and
Remedies Code, which provides:
A manufacturer shall indemnify and hold harmless a seller against loss arising out of
a products liability action, except for any loss caused by the seller’s negligence,
intentional misconduct, or other act or omission, such as negligently modifying or
altering the product, for which the seller is independently liable.

Tex. Civ. Prac. & Rem. Code Ann. § 82.002(a) (Vernon 2005). Other subsections illuminate the
duty created by section 82.002(a). “Manufacturer” is defined as “a person who is a designer,
formulator, constructor, rebuilder, fabricator, producer, compounder, processor, or assembler of any
product or any component part thereof and who places the product or any component part thereof
in the stream of commerce.” Id. at § 82.001(4). The statute requires manufacturers to indemnify
sellers unless the seller directly caused the injury. Id. at § 82.002(a). Indemnification includes the
seller’s fees and costs in enforcing its statutory right. Id. at § 82.002(b). Additionally, the
manufacturer is liable to a seller no matter how the products liability action is resolved, and the
statute supplements the seller’s rights under common law or contract. Id. at § 82.002(e)(2). Thus,
the statute deliberately places the duty to indemnify on the manufacturers regardless of how the
action is concluded unless a seller is found independently liable.
            Dutton-Lainson first contends DIB did not establish its right to indemnity as a matter of law
because it did not provide competent summary judgment proof that Dutton-Lainson manufactured
the winch at issue. Dutton-Lainson further contends that the evidence raised genuine issues of
material fact as to whether it was the manufacturer of the winch and whether it was in the chain of
distribution. However, applying the language of the statute, the seller is only required to prove that
it is a seller who suffered a loss in a products liability action as defined by the statute, and that the
defendant qualifies as a statutory manufacturer. The statute does not place an additional burden on
the seller to prove the manufacturer was the manufacturer of the product in question or was in the
chain of distribution. See Burden v. Johnson & Johnson Medical, Inc., 332 F. Supp.2d 1023, 1029
(S.D. Tex. 2004) (holding that requiring sellers to prove that several manufacturers listed in the
pleadings were in the chain of distribution in order to recover indemnity “would force the parties
to litigate issues that are unnecessary”). In Meritor Automotive, Inc. v. Ruan Leasing Co., the Texas
Supreme Court held that “a manufacturer’s duty to indemnify the seller is invoked by the plaintiff’s
pleadings and joinder of the seller as defendant.” 44 S.W.3d 86, 91 (Tex. 2001). Here, DIB
supported its request for summary judgment with Linker’s affidavit and the plaintiff’s pleadings,
which alleged a brake winch manufactured by Dutton-Lainson caused Huddleston’s injuries. Under
the statute, DIB was entitled to indemnity as a matter of law.



            Dutton-Lainson also contends DIB did not prove it qualifies as a “seller” under the statute. 
“Seller” is defined as any person “engaged in the business of distributing or otherwise placing, for
any commercial purpose, in the stream of commerce for use or consumption a product or any
component part thereof.” Tex. Civ. Prac. & Rem. Code Ann. § 82.001(3). That definition includes
DIB, which sells brake winches for use by its customers. Although Dutton-Lainson complains DIB
did not offer proof it sold the defective brake winch to Alamo Lumber, the Texas Supreme Court has
already determined that manufacturers are liable to innocent sellers even if the plaintiff has not
shown that he bought the product from the seller in question. See Fitzgerald v. Advanced Spine
Fixation Sys., Inc., 996 S.W.2d 864, 867 (Tex. 1999) (holding that section 82.002(a) of the Products
Liability Act does “not explicitly require that the seller be proven to have been in the chain of
distribution”). 
Plenary PowerIn its third issue, Dutton-Lainson contends, without citing any authority, that the trial court
lacked plenary power when it signed the order granting final summary judgment on DIB’s indemnity
claim. We reject this argument because the record indicates the June 30, 2004 order did not
constitute a final judgment. A judgment is final for purposes of appeal if it disposes of all pending
parties and claims in the record. Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001).
When determining whether a judicial decree constitutes a final judgment, we look not to form, but
to the language of the decree and the record in the case. Id. In its order, the trial court stated:
Because there is no genuine issue of fact, the Court, in all things, GRANTS Do it
Best Corp.’s Motion for Interlocutory Summary Judgment and ORDERS that Do it
Best Corp. have and recover the sum of $29,000.64 from Dutton-Lainson Company
for product liability losses accrued through June 24, 2004.
 
The Court further ORDERS that Dutton-Lainson Company continue to pay any and
all additional attorney’s fees, costs and expenses incurred in the defense of Do it Best
Corp. from June 24, 2004 forward until final resolution of this cause.

Under the Texas Products Liability Act, the seller is entitled to indemnification for “court costs and
other reasonable expenses, reasonable attorney fees, and any reasonable damages incurred by the
seller to enforce the seller’s right to indemnification under this section.” Tex. Civ. Prac. & Rem.
Code Ann. § 82.002(g) (Vernon 2005) (emphasis added). In its order, the trial court determined
DIB was entitled to indemnity as a matter of law, but left unresolved the amount of indemnity. The
trial court clearly did not intend its order to dispose of the case because the effect of the order was
to permit DIB to recover additional expenditures made in defending its indemnity claim. See
Lehmann, 39 S.W.3d at 205 (requiring a clear indication that the trial court intends an order to
completely dispose of the entire case for it to be considered final and appealable). Because the trial
court’s June 30 order did not constitute final judgment, we overrule Dutton-Lainson’s third issue.


 
Attorney’s Fees and Costs 
            In its fourth issue, Dutton-Lainson contends there is insufficient evidence to support DIB’s
indemnity award of $29,000.64 in the trial court’s interlocutory order. At the time of the September
30, 2003 hearing on DIB’s motion for interlocutory summary judgment, DIB submitted the affidavit
of Dwayne Day requesting indemnity for $21,805.35. Several months after the court took DIB’s
motion under consideration, DIB filed Day’s second affidavit proving $29,000.64 in costs through
June 24, 2004. Dutton-Lainson complains that Day’s second affidavit was untimely filed after the
summary judgment hearing and that we must presume the trial court did not consider that evidence.
            A movant’s summary judgment affidavit should be filed at least twenty-one days before the
hearing. Tex. R. Civ. P. 166a(c). For an untimely affidavit to be considered summary judgment
evidence, the record must indicate affirmatively that the trial court permitted late filing of the
affidavit. Vasquez v. Carmel Shopping Ctr. Co., 777 S.W.2d 532, 535 (Tex. App.—Corpus Christi
1989, writ denied). Here, the record indicates the trial court accepted the late filing of Day’s updated
affidavit. The trial court’s interlocutory order awards more than was requested in DIB’s motion and
specifically states that DIB shall recover $29,000.64 for “product liability losses accrued through
June 24, 2004.” We overrule Dutton-Lainson’s argument that there was insufficient evidence to
support the award of $29,000.64.
            Dutton-Lainson also contends DIB was not entitled to any additional attorney’s fees or
appellate attorney’s fees because Day’s third affidavit was filed after the court’s plenary power
expired. We disagree. As discussed previously, the trial court’s June 30, 2004 was interlocutory.
The record reflects that DIB submitted Day’s affidavit supporting DIB’s requested appellate
attorney’s fees and the additional award of $7,062.61 with its motion for final summary judgment
on October 15, 2004. Dutton-Lainson received proper notice and an opportunity to file responsive
evidence and objections in compliance with Rule 166a. We overrule Dutton-Lainson’s fourth issue.
Conclusion
            Having overruled all of Dutton-Lainson’s appellate issues, we affirm the judgment of the trial
court.
Catherine Stone, Justice