# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH
### NO. 02-14-00067-CV


| | |
|---|---|
| PETER PAYNE, MARY BETH PAYNE, DAVID HOWARD, OKSANA HOWARD, MELVIN HARRIS, DONNA HARRIS, AND CHRISTINA CHILDERS | APPELLANTS |

V.

| | |
|---|---|
| HIGHLAND HOMES, LTD. | APPELLEE |

-----------

### FROM THE 431ST DISTRICT COURT OF DENTON COUNTY
### TRIAL COURT NOS. 2011-70650-431, 2012-70202-431

-----------

## MEMORANDUM OPINION[1] AND ORDER

-----------

This appeal concerns the trial court's order granting appellee Highland Homes, Ltd.'s motion for summary judgment. We previously dismissed this appeal for want of jurisdiction but withdrew the opinion and judgment after the

---

[1]*See* Tex. R. App. P. 47.4.

parties filed documents indicating that jurisdiction was present. After reviewing the parties' jurisdictional briefing, we conclude that we do not have jurisdiction over some of the parties to this appeal but that jurisdiction is present as to the remaining parties.

## I. BACKGROUND

### A. PROCEEDINGS IN THE TRIAL COURT AND SEVERANCES

Appellants Peter Payne, Mary Beth Payne, David Howard, and Oksana Howard (the Payne-Howard plaintiffs) filed claims against Highland Homes, Ltd.; J. Baker Corporation; Landstar Homes Dallas, Ltd.; GCS Trails of Frisco, LP; and Sun Den Frisco Investment, LP seeking redress for damages to their homes arising from alleged residential construction defects and creek-bank erosion. The Payne-Howard plaintiffs later amended their petition to add Appellants Melvin Harris, Donna Harris, and Christina Childers (the Harris-Childers plaintiffs) to their claims (the 2011 case).

The Payne-Howard plaintiffs and the Harris-Childers plaintiffs (collectively, Appellants) alleged "causes of action for violating water code section 11.086, negligence per se under section 11.086, and common law negligence" against Highland Homes, Baker, Landstar, GCS, and Sun Den. *Payne v. J. Baker Corp.*, No. 02-12-00181-CV, 2013 WL 2091774, at *1 (Tex. App.—Fort Worth May 16, 2013, no pet.) (mem. op.). Against Highland Homes, Appellants also raised claims for "breach of warranty, breach of contract, violations of the Deceptive Trade Practices Act, and fraud, among other claims." *Id.* at *1 n.3. Baker,

2

Landstar, GCS, and Sun Den (collectively, the Baker defendants) filed motions for summary judgment, and Appellants filed a consolidated response. *Id.* at *1.

In January 2012, the trial court granted the Baker defendants' motions for summary judgment as to "all" of Appellants' claims against them. On February 7, 2012, the trial court severed all claims raised by Appellants against the Baker defendants into a separate action (the 2012 case). *See* Tex. R. Civ. P. 41. Appellants appealed the summary judgment granted in favor of the Baker defendants in the 2012 case.

On March 20, 2012, the trial court granted summary judgment in favor of Highland Homes on "all causes of action" brought by the Harris-Childers plaintiffs and granted Highland Homes a summary judgment as to the Payne-Howard plaintiffs' claims arising under the water code. The trial court then severed into the 2012 case all claims raised by the Harris-Childers plaintiffs against Highland Homes, including explicit finality language. At this point, the only live claims that remained in the 2011 case were the Payne-Howard plaintiffs' claims against Highland Homes that were not based on the water code, and the 2012 case contained Appellants' claims against the Baker defendants and the Harris-Childers plaintiffs' claims against Highland Homes. The Harris-Childers plaintiffs did not appeal the summary judgment granted in favor of Highland Homes.

Nonetheless, Appellants included the Harris-Childers plaintiffs and the Baker defendants in their third and fourth amended petitions against Highland Homes in the 2011 case, raising the same claims as before—violations of the

3

water code, negligence per se, negligence, breach of warranties, breach of contract, violations of the Deceptive Trade Practices Act, and fraud.[2]  In their fourth amended petition, Appellants stated that they again named the Baker defendants as parties "only to ensure that [their] claims against [the Baker] defendant[s] are in no way prejudiced, should [Appellants] prevail on appeal" in the 2012 case.

On May 16, 2013, we reversed the trial court's summary judgment in favor of the Baker defendants in the 2012 case and remanded Appellants' claims against the Baker defendants to the trial court in the 2012 case because it had granted the summary judgment before the end of the applicable discovery period. *Payne*, 2013 WL 2091774, at *5.[3]

Meanwhile, Highland Homes filed a motion for summary judgment in the 2011 case directed to the claims raised by the Payne-Howard plaintiffs in the fourth amended petition.  Highland Homes recognized that the Harris-Childers plaintiffs again were included as plaintiffs in the fourth amended petition but asserted that the Harris-Childers plaintiffs had failed to serve Highland Homes with citation and that the Harris-Childers plaintiffs' attempted claims were barred

___

[2]In these amended petitions, Appellants added the City of Frisco as a defendant.  The trial court later granted Frisco's plea to the jurisdiction, and this court subsequently dismissed Appellants' appeal of that order after Appellants moved to voluntarily dismiss their appeal.  *See Payne v. City of Frisco*, No. 02-13-00446-CV, 2014 WL 5038179, at *1 (Tex. App.—Fort Worth Oct. 9, 2014, no pet. h.) (mem. op.).

[3]We issued the mandate on July 29, 2013.

by res judicata based on the March 20, 2012 summary judgment and subsequent severance into the 2012 case.

On November 25, 2013, the trial court granted summary judgment in favor of Highland Homes on all claims brought against it by the Payne-Howard plaintiffs. The trial court did not include language that the order was a final and appealable order as it had done in the 2012 case regarding the Harris-Childers plaintiffs' claims against Highland Homes. On December 20, 2013, Appellants filed a motion for new trial in the 2011 case "re: the *Order on Defendant Highland Homes, Ltd's First Amended Traditional and No Evidence Motion for Summary Judgment* signed November 25, 2013." This was the entirety of the motion. They raised no specific grounds or arguments to support their motion. *See* Tex. R. Civ. P. 321, 322. The motion was overruled by operation of law. *See* Tex. R. Civ. P. 329b(c). On February 21, 2014, Appellants filed a notice of appeal in the 2011 case regarding the order granting Highland Homes summary judgment on the Payne-Howard plaintiffs' claims.

## B. PROCEEDINGS IN THIS COURT

After receiving the notice of appeal directed to the summary-judgment order in the 2011 case, we notified the parties that the trial court clerk had informed us that claims and parties remained pending in the trial court, rendering the summary-judgment order not immediately appealable. Appellants responded that they agreed the summary-judgment order was not final based on pending claims in the trial court. Highland Homes filed a response and a motion to

5

dismiss asserting that it agreed that we did not have jurisdiction but because the notice of appeal was untimely, not because there were pending claims and parties in the trial court. On April 10, 2014, we dismissed the appeal for want of jurisdiction based on pending claims and parties in the 2011 case.

Highland Homes filed a motion for rehearing asserting that we were incorrect in our conclusion that all claims and parties had not been disposed of in the 2011 case. Highland Homes pointed to the trial court's severance orders and the trial court clerk's notification under rule 306a(3) that the summary-judgment order was "[f]inal" or "[a]ppealable." *See* Tex. R. Civ. P. 306a(3). However, Highland Homes believed dismissal was appropriate because the motion for new trial was ineffective to extend the appellate timetable, rendering the notice of appeal untimely.

After review of the documents produced by Highland Homes, we concluded that our dismissal was arguably improper but that a final determination could not be had without the appellate record. Therefore, we withdrew our dismissal opinion and judgment on June 6, 2014, and ordered the clerk's and reporter's records filed. We directed that clerk's records should be filed for both the 2011 case and the 2012 case.[4] We further ordered Appellants and Highland Homes to file jurisdictional briefs addressing whether a final and appealable

---

[4]We additionally determined that because the Harris-Childers plaintiffs had been severed into the 2012 case and because the Harris-Childers plaintiffs joined in the notice of appeal, the 2012 case number, as well as the 2011 case number, should be included on all orders and opinions.

6

judgment had been rendered in the 2011 case, the effect of Appellants' fourth amended petition in the 2011 case (which was filed after the Harris-Childers plaintiffs' claims had been finally disposed of and severed), and the effect of this Court's reversal of the summary judgment in the 2012 case regarding Appellants' claims against the Baker defendants. *See, e.g.*, Tex. R. App. P. 42.3, 44.3. Although Appellants did not designate and the clerk did not file a clerk's record for the 2012 case, Appellants and Highland Homes filed jurisdictional briefs.

## II.  DISCUSSION

### A.  FINAL AND APPEALABLE ORDER

Appellants argue that the trial court's November 25, 2013 order in the 2011 case granting summary judgment in favor of Highland Homes on all claims brought by the Payne-Howard plaintiffs was not a final and appealable order. They primarily rely on the fact that the Payne-Howard plaintiffs' "claim" for rescission against Highland Homes in the 2011 case remained pending after the November 25, 2013 summary-judgment order.  But rescission is a remedy that is available only if a contracting party has committed some wrong.  *See Kennebrew v. Harris*, 425 S.W.3d 588, 595–96 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (citing *Nelson v. Regions Mortg., Inc.*, 170 S.W.3d 858, 863 (Tex. App.—Dallas 2005, no pet.)).  It is not an independent claim for relief.  *See Cruz v. Andrews Restoration, Inc.*, 364 S.W.3d 817, 825 (Tex. 2012); *Kennebrew*, 425 S.W.3d at 595.  Rescission is available to a party only if that party prevails on a claim for which rescission is an available remedy.  *See Kennebrew*, 425 S.W.3d

7

at 596. Thus, the request for rescission cannot support Appellants' argument that there were pending "claims" against Highland Homes after the summary-judgment order in the 2011 case.

The Harris-Childers plaintiffs' claims against Highland Homes had been finally disposed of by summary judgment and severed into the 2012 case. The Payne-Howard plaintiffs' attempts to revive the Harris-Childers plaintiffs' claims against Highland Homes in the third and fourth amended petitions were ineffective. *See Mensa-Wilmot v. Smith Int'l, Inc.*, 312 S.W.3d 771, 780 (Tex. App.—Houston [1st Dist.] 2009, no pet.). The Harris-Childers plaintiffs neither sought leave to refile their claims against Highland Homes in the 2011 case nor properly served the amended petitions on Highland Homes. *See* Tex. R. Civ. P. 106–07; *see also* Tex. R. Civ. P. 41, 174. Thus, the Harris-Childers plaintiffs' claims against Highland Homes were finally disposed of by the trial court's March 20, 2012 summary-judgment order and severance of those claims into the 2012 case. *See Mensa-Wilmot*, 312 S.W.3d at 780.

All of the Payne-Howard plaintiffs' claims against Highland Homes similarly were finally disposed of by the summary-judgment order in the 2011 case. On March 20, 2012, the trial court granted Highland Homes a summary judgment as to the Payne-Howard plaintiffs' claims arising under the water code, including their negligence-per-se and negligence claims arising from the alleged statutory violations. On November 25, 2013, the trial court granted summary judgment in favor of Highland Homes on the Payne-Howard plaintiffs' remaining claims:

8

negligence, gross negligence, breach of warranties, breach of contract, violations of the Deceptive Trade Practices Act, and fraud.

We do not presume that the trial court intended to dispose of all parties and issues in its summary-judgment order in the absence of language that such was intended. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 199–200 (Tex. 2001). However, a summary-judgment order that actually disposes of all remaining issues and parties will be considered to be a final order even though no finality language is included. *See id.* at 200. Such is the case here. Although the November 25, 2013 summary-judgment order includes no finality language indicating that the trial court intended the order to be final and appealable, the order actually disposed of all remaining issues and parties in the 2011 case. Therefore, as Appellants asserted in their docketing statement, the November 25, 2013 summary-judgment order was a final, appealable order because it disposed of all parties and claims that remained pending in the 2011 case. *See, e.g., Waterway Ranch, LLC v. Tex. Bank Fin.*, No. 02-13-00350-CV, 2014 WL 1389752, at *2 (Tex. App.—Fort Worth Apr. 10, 2014, pet. dism'd) (mem. op.).

## B. TIMELINESS OF APPEAL

Our conclusion that the trial court's summary-judgment order was a final, appealable order in the 2011 case does not end our jurisdictional inquiry. Highland Homes asserts that the notice of appeal was not timely filed.

The Harris-Childers plaintiffs' notice of appeal was not timely filed. All of the Harris-Childers plaintiffs' claims against Highland Homes were finally

9

resolved by the March 20, 2012 order and severance into the 2012 case. The Harris-Childers plaintiffs did not appeal from this summary judgment, which included specific finality language. The later third and fourth amended petitions in the 2011 case again including the Harris-Childers plaintiffs as parties did not unilaterally revive their claims. Appellants did not seek leave of court to reconsolidate the 2012 case, into which the Harris-Childers plaintiffs' claims had been severed, into the 2011 case. *See* Tex. R. Civ. P. 41, 174. Further, the Harris-Childers plaintiffs were not proper parties to the 2011 case when the trial court entered the summary-judgment order; thus, the motion for new trial—even if we considered the motion to be timely filed after the 2012 order and severance—cannot extend the appellate timetable as to the Harris-Childers plaintiffs. *See Lapiner v. Maimon*, 429 S.W.3d 816, 820–21 (Tex. App.—Houston [14th Dist.] 2014, pet. filed) (plurality op.); *State & Cnty. Mut. Fire Ins. Co. v. Kelly*, 915 S.W.2d 224, 227 (Tex. App.—Austin 1996, no pet.). We do not have jurisdiction over the Harris-Childers plaintiffs' attempted appeal from the trial court's November 25, 2013 order and dismiss their appeal.

However, we conclude that the Payne-Howard plaintiffs' notice of appeal was timely filed. The trial court signed the summary-judgment order on November 25, 2013. The Payne-Howard plaintiffs filed a motion for new trial on December 20, 2013, less than thirty days after the date the order was signed. *See* Tex. R. Civ. P. 329b(a). Thus, if the motion for new trial was effective to extend the appellate timetable, the Payne-Howard plaintiffs' notice of appeal,

10

filed on February 21, 2014, was timely because it was filed less than ninety days after the trial court's summary-judgment order. *See* Tex. R. App. P. 26.1(a)(1). Highland Homes contends that the motion for new trial did not extend the appellate timetable because it contained nothing more than a recitation of the appealing parties and a statement that the motion was "re: the *Order of Defendant Highland Homes, Ltd's First Amended Traditional and No Evidence Motion for Summary Judgment* signed November 25, 2013."

Highland Homes is correct that a motion for new trial must specify the grounds supporting the requested relief in such a way that the trial court may identify and understand the argument. *See* Tex. R. Civ. P. 321; 5 Roy W. McDonald & Elaine Carlson, *Texas Civil Practice* § 28:13[b] (2d ed. 1999). But this rule affects what the trial court may consider and what issues are preserved for appeal, not whether the motion extends the appellate timetable. *See* Tex. R. Civ. P. 322, 324(b); *Neely v. Tarrant Cnty.*, 124 S.W.2d 101, 103–04 (Tex. 1939); *Vasquez v. Carmel Shopping Ctr. Co.*, 777 S.W.2d 532, 534 (Tex. App.—Corpus Christi 1989, writ denied); *Taylor v. Trans-Cont'l Props., Ltd.*, 739 S.W.2d 873, 876–77 (Tex. App.—Tyler 1987, no writ); *Neily v. Arron*, 724 S.W.2d 908, 911 (Tex. App.—Fort Worth 1987, no writ); *see also Keenan v. Keenan*, No. 04-04-00240-CV, 2005 WL 471186, at *1 n.1 (Tex. App.—San Antonio Mar. 2, 2005, no pet.) (mem. op.); 6 Roy W. McDonald & Elaine Carlson, *Texas Civil Practice* § 9:15 (2d ed. rev. 2014). Highland Homes does not mention this line of authority in its jurisdictional brief and, of course, does not argue it is inapplicable

11

here. Therefore, the Payne-Howard plaintiffs' timely filed motion for new trial, although insufficient under civil procedure rules 321, 322, and 324(b), operated to extend the appellate timetable under appellate rule 26.1(a).

## III. CONCLUSION

The Harris-Childers plaintiffs failed to timely appeal from the trial court's order finally disposing of their claims against Highland Homes. Therefore, we dismiss the Harris-Childers plaintiffs' appeal for want of jurisdiction. *See* Tex. R. App. 42.3, 43.2(f). The Payne-Howard plaintiffs, however, timely filed a motion for new trial after the trial court signed a summary-judgment order that fully and finally disposed of all claims and parties remaining in the 2011 case. This motion for new trial extended the appellate timetable, rendering their notice of appeal timely filed.

The clerk shall note on the docket of this case that the Harris-Childers plaintiffs are dismissed from this appeal. The clerk shall also ensure that this appeal now concerns only the 2011 case and shall remove reference to the 2012 case from all subsequent notices, orders, and opinions in this appeal. We will not issue our judgment regarding the dismissal of the Harris-Childers plaintiffs until the Payne-Howard plaintiffs' issues are disposed of on appeal. *See* Tex. R. App. P. 43.1, 43.6. Because the appellate record has been filed, the clerk shall also notify the Payne-Howard plaintiffs and Highland Homes of the briefing schedule applicable to this appeal. *See* 2d Tex. App. (Fort Worth) Loc. R. 1.E.

12

Finally, the clerk shall send this memorandum opinion and order to all parties, the trial court, the trial court clerk, and the court reporter.  *See* Tex. R. App. P. 12.6.

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

DELIVERED:  December 18, 2014