**Paula Jean BLANKENSHIP, et al., Appellants,**

**v.**

**Donald CARPENTER, et ux, Appellees.**

**No. 10–86–226–CV.**

Court of Appeals of Texas, Waco.

Nov. 25, 1987.

Rehearing Denied Dec. 31, 1987.

Michael Handy and Jo Ann S. Wright, Chappell & Handy, Fort Worth, for appellants.

Holloway J. Martin, Martin & Thomas, Mexia, for appellees.

HALL, Justice.

This is a trespass to try title action involving 99 acres in Limestone County, filed by appellants against appellees in February, 1984. Appellees answered with the formal plea of "not guilty," with a general denial, and with these additional allegations:

 1. Claims of adverse possession that barred appellants' suit under the 10–year and the 25–year statutes of limitation, V.T.C.A., Civil Practice & Remedies Code § 16.026 and § 16.027.

2. That the persons holding the apparent record title to the land claimed in appellant's petition had not exercised dominion over the land for one or more years during the period of 25 years next preceding the filing of this suit, but appellees have openly exercised dominion over and asserted claim to the land for such 25–year period.

3. That at the time of filing their answer, appellees were in peaceable possession of the property and had claimed the property and maintained constant uninterrupted use and enjoyment of the premises for a period of time since 1957.

4. That based on the matters set out above, title to the land had passed to appellees and the cause of action pleaded by appellants was barred.

Appellees then prayed that appellants take nothing by their suit and that appellees have judgment for the title to and possession of the land.

The case was tried to the court without a jury in August, 1986. When the trial began it became evident that appellees intended to object to any tender of an abstract of title by appellants because appellants had not complied with a written demand for abstract of title made by appellees. Facing this objection, appellants filed a written motion for non-suit and they also made an oral motion for non-suit. The trial court denied these motions. In the later course of proving their case-in-chief, appellants tendered an abstract of their title. Appellees' objection to the abstract was sustained. Appellants then tendered the abstract of title in a bill of exception. Thereafter, oral proof was made by appellants concerning their ownership of the land, and proof was made by all parties surrounding the possession and use and claim of ownership of the land by appellees. The trial was concluded on August 21, 1986. Judgment was rendered that appellants take nothing and that appellees have and recover from appellants title to and possession of the property. The judgment was supported by findings of fact filed by the court that included these findings:

3. The Defendants have had peaceable and adverse possession of the land and tenements claimed in Plaintiffs' petition, cultivating, using or enjoying the same for more than 10 years after Plaintiffs' alleged cause of action accrued, and before the commencement of this suit, during which period Defendants have had such land and tenements actually enclosed.

4. The Defendants have had peaceable and adverse possession of the lands and tenements claimed in Plaintiffs' petition, cultivating, using or enjoying the same for more than 25 years after Plaintiffs' alleged cause of action accrued, and before the commencement of this suit, during which period Defendants have had such land and tenements actually enclosed.

This appeal was brought on three points of error asserting (1) the trial court erred in overruling appellants' motion for non-suit; (2) there was no evidence to support the trial court's findings of fact number three and number four, or, alternatively, that the evidence was factually insufficient to support these findings; and (3) the court erred in not allowing evidence of appellants' record title. We overrule these points of error, and we affirm the judgment.

The evidence was undisputed that appellees went into possession of the 99 acres in question in November, 1957. There was evidence that from 1957 until the time of trial appellee Donald Carpenter repaired, built and maintained fences that enclosed the land in such condition that the fences were capable of turning livestock; that during such time he used and occupied the land for grazing his cattle and made improvements for feeding cattle on the tract; that he exercised dominion and control over the land; and that he refused to recognize the claim of any other person to the land. In 1965 he rented a small house on the premises to a nearby landowner for the use of the landowner's employees. Appellants claimed that they leased the premises to James Jackson in 1974, but the undisputed testimony of appellee Donald Carpenter was that he refused to permit James Jack-

son to enter the premises in 1974, although Jackson claimed right of entry as a lessee. The evidence also showed without dispute that it was in the fall of 1980, about 23 years after appellees went into possession of the 99 acres in question, that appellants first became certain of the location of the land and became aware of the claim of ownership and use of the land by appellees. More than three years later, appellants initiated this lawsuit for title and possession of the land.

Appellants' arguments under their second point of error are that the evidence was legally and factually insufficient to establish the elements of appellees limitation title claim of possession that was (1) actual and visible, (2) hostile and under claim of right, and (3) continuous and non-interrupted. Appellants class appellees' use of the disputed land as "mere grazing of cattle," insufficient to support a claim of adverse use and possession.

It is settled that a use of property merely for grazing is insufficient to support limitation title. There must also be enclosure of the property sufficient to show that the land was designedly enclosed and to show a claim of right hostile to the true owner. *Orsborn v. Deep Rock Oil Corp.*, 153 Tex. 281, 267 S.W.2d 781, 785 (1954). However, where lands have been designedly enclosed and used continuously for grazing purposes for the statutory period, such use is sufficient notice of hostile claim to support a claim of adverse possession. *Butler v. Hanson*, 455 S.W.2d 942, 945–46 (Tex.1970). The evidence in our case shows much more than casual fencing or mere grazing of the land, and establishes, we believe, designed enclosure and a continuous use and possession of the land for grazing purposes for the statutory periods of 10 years and 25 years, sufficient to show an assertion of claim by appellees hostile to all others including appellants and their lessee. Appellants argue that the evidence shows that appellees did not protest when oil, gas and mineral companies entered on the land under leases from the title owners, and that for this reason appellees' possession was not continuous and non-interrupted. We find no evidence on easements or dates of easements or permissive entry by grantees, agents or licensees of appellants or a predecessor in title of appellants that would have interrupted the limitation claim of appellees under the 10–year or the 25–year statute.

The proper testing of a question of legal sufficiency of evidence permits consideration of only the evidence that supports the finding. The weighing of factual sufficiency of evidence requires consideration of all the evidence. *Burnett v. Motyka*, 610 S.W.2d 735, 736 (Tex.1980). Following these rules, we hold the evidence was legally and factually sufficient to support the findings challenged by appellants.

Rule 791, Texas Rules of Civil Procedure, provides that after the answer has been filed in a trespass to try title action, either party may by notice in writing served on the opposite party or his attorney demand of the other party an abstract in writing of the title to the premises in question upon which the other party relies. Rule 792 provides that the demanded abstract of title "shall be filed with the papers of the cause within twenty days after the service of the notice, or within such further time as the court on good cause shown may grant"; and that if the abstract is not filed "no evidence of the claim or title of such opposite party shall be given on trial."

In our case, appellants' original petition was filed on February 16, 1984. Appellees filed their original answer on February 27, 1984. Appellees filed a demand for abstract of title on December 6, 1984, and hand delivered a copy of the demand to appellants' attorney that day. Appellants did not respond to this demand for abstract of title, and no abstract was ever filed nor was any extension of time sought by appellants in connection with the demand. No action was taken by appellants toward bringing the cause to trial until May 13, 1985. At the call of the case at that time, appellants sought a continuance. The case was reset, and appellants again secured a continuance. The case was set on the dismissal docket for October 31, 1985, but it was retained upon motion by appellants.

The case finally came to trial on August 18, 1986. At this time appellants moved for leave of court to file an abstract of title. Appellees' objection to this motion under Rule 792 was sustained by the trial court. Appellants then filed their abstract of title in a bill of exception. Appellants now claim the court erred in denying them leave to file their abstract of title and to tender it into evidence. They argue that the title documents would have proven that appellants were "absolute owners" of the land in question, and would have proved a claim of title that appellees could not have defeated. We have examined the abstract, and contrary to appellants' argument the abstract shows an extreme gap of time in the chain of title that would in itself have proven fatal to appellants' burden of connecting their record title with the sovereignty. Moreover, appellants ignored a valid demand by appellees made long before trial for the filing of the abstract of title, refused to seek an extension for time to file the abstract, and offered no good cause for failure to file. We hold the court did not err in denying appellants' leave to file the abstract.

When appellants learned at the beginning of the trial that the court would not permit the filing of an abstract of title, they moved both in writing and orally to take a non-suit. The trial court denied the motion, and appellants assign error to the ruling. Appellants do not assert that the court erred in failing to let them non-suit only their trespass to try title action. Their complaint is that the court erred in failing to dismiss the lawsuit altogether on their motion because, they argue, there was no pleading by appellees for affirmative relief when appellants moved for non-suit.

At the time in question, Rule 164, Vernon's Texas Rules of Civil Procedure, provided in pertinent part that: "Upon the trial of any case, at any time before plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may take a non-suit, but he shall not thereby prejudice the right of an adverse party to be heard on his claim for affirmative relief." Under this rule, the granting of a non-suit is merely a ministerial act. The plaintiff has an absolute right to non-suit his cause of action upon a timely motion under the Rule. But when the defendant has counterclaimed for affirmative relief, "the right of the plaintiff to discontinue the entire cause is forbidden" and the defendant's counterclaim remains in the case for trial. *Greenberg v. Brookshire*, 640 S.W. 2d 870, 872 (Tex.1982); *Hoodless v. Winter*, 80 Tex. 638, 16 S.W. 427, 428 (1891).

■ In our case, appellants argue that appellees' answer did not include a claim for affirmative relief, and that for this reason appellants' motion for non-suit should have resulted in dismissal of the case. We overrule this contention. After pleading their defenses of the 10–year and 25–year statutes of limitation, appellees alleged in their answer that no one other than appellees had exercised dominion over or asserted any claim to the land and tenements in question for a period of 25 years next preceding the filing of this suit; that appellees were presently in peaceable possession of the property; that they had claimed and used the property and maintained constant uninterrupted use and enjoyment of the premises since 1957; that based upon all these allegations they claimed that title to such land and tenements had passed to them; and they prayed that appellants take nothing by their suit and that appellees have judgment for the title and possession of the land and tenements claimed in appellants' petition.

Appellees claim that title had passed to them coupled with their defensive pleas of limitation and their prayer for recovery of the land was a sufficient affirmative plea of title that would support a judgment for the recovery of the land. *Short v. Hepburn*, 89 Tex. 622, 35 S.W. 1056, 1057 (1896); *Jones v. Wagner*, 141 S.W. 280, 281 (Tex.Civ.App.—Galveston 1911, writ ref'd). The facts in the *Jones v. Wagner* case were quite similar to those in our case. The defendant in a trespass to try title action answered with a plea of "not guilty," a plea of the 10–year statute of limitation, and a prayer "that upon a hearing he have judgment for title and possession of the

land herein named." Prior to trial the plaintiffs took a non-suit. The court said:

Notwithstanding plaintiffs had dismissed their suit, their petition could be looked to in aid of defendant's answer for the purpose of identifying and furnishing a description of the land mentioned in the plea of limitation. This plea, while it does not allege in terms that defendant has title to the land, alleges facts which, if true, show that title had rested in him under the statute of limitation in the absence of pleading and proof of disability on part of the prior holders of the title.

It is true this plea may be used as a defensive plea and is often used only in this way, but when coupled with a prayer for recovery of the land to which it is sought to be applied, it becomes an affirmative plea of title and will support a judgment for the recovery of the land.

In our case appellees not only alleged defensively the statutes of limitation, they also alleged that they had title to the land and they prayed for title and possession of the land. We hold their pleadings set up an affirmative claim for relief for title and possession.

As we have stated, appellants do not claim that the judgment is in error for failing to adjudge that they had taken a non-suit solely on their action. Their claim on appeal is that the trial court erred in not dismissing the entire case pleaded by both parties upon their motion for non-suit. We hold the court did not err in failing to do this.

Appellants' points and contentions are overruled. The judgment is affirmed.