Alejandro **APARICIO**, Appellant,

v.

Gloria **MORGAN**, Appellee.

No. 13–92–564–CV.

Court of Appeals of Texas,
Corpus Christi.

Dec. 9, 1993.

Alejandro Aparicio, Corpus Christi, for appellant.

Robert B. Weathers, Corpus Christi, for appellee.

Before SEERDEN, C.J., and FEDERICO G. HINOJOSA, Jr. and GILBERTO HINOJOSA, JJ.

*OPINION*

FEDERICO G. HINOJOSA, Jr., Justice.

Alejandro Aparicio appeals from a summary judgment granting his sister, Gloria Morgan, title to and possession of certain real property and unpaid rents due thereon. We affirm.

Morgan filed her Original Petition on July 8, 1992, and alleged that she is the owner of the property in question and is legally entitled to possession, but that Aparicio wrongfully entered the property and refused to surrender possession to Morgan. Morgan asked the trial court to render judgment granting her title to and possession of the property in addition to damages for the reasonable rental value for the period during which Aparicio wrongfully deprived her of possession of the property.

Aparicio first appeared in the lawsuit on July 24, 1992, when he filed a motion for continuance and asked the trial court to grant him additional time to answer the lawsuit.[1] On August 17, 1992, Morgan filed a First Amended Petition. The amended petition is identical to Morgan's Original Petition, except for minor changes which she made to the amount of damages claimed.

On August 19, 1992, Morgan filed a motion for summary judgment, asserting title to the property in question by virtue of a September 11, 1991, warranty deed from Baptistina S. Aparicio (Morgan and Aparicio's mother). As evidence, Morgan submitted a certified copy of the warranty deed and supporting affidavits. The trial court ordered that the motion be set for hearing on September 16, 1992.

On September 15, 1992, the day before the hearing, Aparicio filed a document which he entitled "Defendant Answer to Plaintiff's Original Petition," by which he sought to answer the lawsuit and respond to the motion for summary judgment. In addition to denying generally the allegations of Morgan's petition, Aparicio contended 1) that Morgan's warranty deed was ineffective because it was obtained by fraud, and 2) that he holds title to the property because he, as attorney-in-fact for Baptistina, executed a deed to himself on October 21, 1991. Aparicio attached to his "Answer," among other things, a copy of the power of attorney, and a document entitled "Affidavit," acknowledged, but not sworn to, by Linda P. Elizondo (Baptistina's granddaughter), stating that Morgan had fraudulently obtained Baptistina's signature on the September 11, 1991, warranty deed by deceiving Baptistina into thinking that she was signing a will.

The trial court conducted a hearing on the motion for summary judgment on September

---

1. *See Smith v. Lippmann,* 826 S.W.2d 137 (Tex. 1992) (per curiam) (defendant who timely files a pro se answer by a signed letter that identifies the parties, the case, and the defendant's current address, has sufficiently appeared by answer).

16, 1992, and signed an order granting Morgan summary judgment on September 17, 1992.

By his first point of error, Aparicio complains that "the trial court erred in denying appellant the right to a fair hearing respecting appellant's answers and cross-complaint." By his second point of error, Aparicio complains that the "trial court erred in failing to recognize the existence of genuine issues of facts in the case." By his third point of error, Aparicio complains generally that "the trial court erred in entering summary judgment against appellant."

■ Under all three points of error, Aparicio argues that the trial court erred by granting Morgan summary judgment because 1) Morgan fraudulently obtained the September 11, 1991, warranty deed from Baptistina, and 2) he had title to the property because he, as attorney-in-fact for Baptistina, executed a deed to himself on October 21, 1991.[2] However, Aparicio failed to timely raise these grounds before the trial court.

■ A non-movant must file his response and opposing summary judgment evidence not later than seven days prior to the day of the hearing. A late-filed response may only be considered if leave of court is first obtained and such leave must be affirmatively indicated in the record; otherwise, we presume that the trial court did not consider the late response. *Vasquez v. Carmel Shopping Center Co.*, 777 S.W.2d 532, 535 (Tex.App.—Corpus Christi 1989, writ denied); *M & M Construction Co. v. Great American Insurance Co.*, 749 S.W.2d 526 (Tex.App.—Corpus Christi 1988, writ dism'd w.o.j.); Tex.R.Civ.P. 166a(c).

■ The record reflects that Aparicio did not file a response to Morgan's motion for summary judgment seven days prior to the day of the hearing. The record does not affirmatively reflect that Aparicio obtained leave of court to file a late response. Even if we consider Aparicio's nominal answer to be in reality a response to Morgan's motion for summary judgment, we must presume that the trial court did not consider it.

■ Issues not expressly presented to the trial court may not be considered on appeal as grounds for reversal of a summary judgment. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 675 (Tex. 1979). It is also well settled that unless a non-movant against whom summary judgment is granted has filed a response to the motion for summary judgment, the only issue before the appellate court is whether the grounds expressly presented by the movant's motion at trial are insufficient as a matter of law to support the summary judgment. *Id.*, at 678; *Dickey v. Jansen*, 731 S.W.2d 581, 583 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.).

■ Aparicio has not challenged the sufficiency of the grounds expressly raised by Morgan in her motion for summary judgment, but argues in the present appeal only that his own untimely-raised grounds for defeating the summary judgment should be considered. Because those grounds were not timely presented to the trial court in response to the motion for summary judgment, we hold that they may not be considered on

---

**2.** Although Aparicio argues these grounds in terms of a "cross-complaint" that he complains was never heard by the trial court, his pleadings reveal no affirmative claim for relief. To qualify as a claim for affirmative relief, a defensive pleading must allege that the defendant has a cause of action, independent of the plaintiff's claim, on which he could recover benefits, compensation or relief, even though the plaintiff may abandon his cause of action or fail to establish it. *General Land Office v. OXY U.S.A., Inc.*, 789 S.W.2d 569, 570 (Tex.1990). Thus, an answer which does not seek and pray for some specific recovery that cannot be given to the defendant under the allegations of his answer (treated strictly as a defensive pleading) and which serves merely to compel the plaintiff to prove his own cause of action, does not present a cross-action or counterclaim. *Dean v. Maxwell*, 173 S.W.2d 246, 249 (Tex.Civ.App.—Eastland 1943, no writ); *see also ITT Commercial Finance Corp. v. Riehn*, 796 S.W.2d 248, 255 (Tex.App.—Dallas 1990, no writ). In the present case, Aparicio's answer, even though it challenges Morgan's title based on Aparicio's assertion of a competing warranty deed, raises no independent cause of action against Morgan and does not ask for judgment declaring Aparicio's own right to title and possession. *See Blankenship v. Carpenter*, 741 S.W.2d 578, 581 (Tex.App.—Waco 1987, writ denied).

appeal. We overrule Aparicio's first, second and third points of error.

The summary judgment of the trial court is AFFIRMED.