NUMBER 13-05-771-CV


 

COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


ROSA CASTILLO, Appellant,


v.


MIDFIRST BANK AND MIDLAND

MORTGAGE COMPANY, Appellees.

 


On appeal from the 389th District Court of Hidalgo County, Texas


 


MEMORANDUM OPINION



Before Justices Yañez, Rodriguez, and Garza


Memorandum Opinion by Justice Garza


 

Appellant, Rosa Castillo, sued appellees, Midfirst Bank and Midland Mortgage
Company, seeking to set aside a foreclosure sale on property owned by appellant. 
Appellant contended appellees wrongfully foreclosed on the property. Appellees moved
for summary judgment asserting appellant's claim was barred by res judicata. See Tex.
R. Civ. P. 166a. In addition, appellees moved for no-evidence summary judgment
contending there was no-evidence of wrongful foreclosure. See Tex. R. Civ. P. 166a(i). 
By two issues, appellant asserts the trial court erred in granting summary judgment. We
affirm. 

In her second issue, appellant contends the trial court erred in granting appellees'
no-evidence motion for summary judgment because issues of material fact exist. 

In an appeal of a no-evidence motion for summary judgment, this Court considers
all evidence in the light most favorable to the non-movant and disregards all evidence and
inferences to the contrary. Wal-Mart Stores, Inc. v. Rodriguez, 92 S.W.3d 502, 506 (Tex.
2002); Merrell Dow Pharms., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997). A
no-evidence summary judgment is essentially a pre-trial directed verdict, and we apply the
same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply
in reviewing a directed verdict. King Ranch v. Chapman, 118 S.W.3d 742, 750-51 (Tex.
2003). A no-evidence motion for summary judgment must be granted if (1) the movant
asserts that there is no evidence of one or more specified elements of a claim or defense
on which the respondent would have the burden of proof at trial, and (2) the respondent
produces no evidence raising a genuine issue of material fact on those elements. ABB
Kraftwerke Aktiengesellschaft v. Brownsville Barge & Crane, Inc., 115 S.W.3d 287, 290-91
(Tex. App.-Corpus Christi 2003, pet. denied); see Tex. R. Civ. P. 166a(i). If, as here, a
motion for summary judgment is granted generally, without specifying the reason, the
summary judgment will be upheld if any ground in the motion can be sustained. Carr v.
Brasher, 776 S.W.2d 567, 569 (Tex. 1989).

Appellees filed their motion for summary judgment on June 30, 2005, asserting they
were entitled to judgment as a matter of law because there was no evidence as to any of
the elements of wrongful foreclosure. The trial court granted appellees' motion for
summary judgment on September 23, 2005. Appellant filed her response to the motion
for summary judgment on October 24, 2005.

A non-movant must file his response and opposing summary judgment evidence not
later than seven days prior to the day of the hearing. Tex. R. Civ. 166a(c). A late-filed
response may only be considered if leave of court is first obtained and such leave must be
affirmatively indicated in the record; otherwise, we presume that the trial court did not
consider the late response. Tex. R. Civ. P. 5, 166a(c); Aparicio v. Morgan, 868 S.W.2d 16,
18 (Tex. App.-Corpus Christi 1993, no writ) (citing Vasquez v. Carmel Shopping Center
Co., 777 S.W.2d 532, 535 (Tex. App.-Corpus Christi 1989, writ denied); M & M
Construction Co. v. Great American Insurance Co., 749 S.W.2d 526 (Tex. App.-Corpus
Christi 1988, writ dism'd w.o.j.)).

The record reflects that appellant did not file a response to appellees' motion for
summary judgment seven days prior to the day of the hearing. The record does not
affirmatively reflect that appellant obtained leave of court to file a late response. Issues not
expressly presented to the trial court may not be considered on appeal as grounds for
reversal of a summary judgment. Aparicio, 868 S.W.2d at 18 (citing City of Houston v.
Clear Creek Basin Authority, 589 S.W.2d 671, 675 (Tex. 1979)). It is also well settled that
unless a non-movant against whom summary judgment is granted has filed a response to
the motion for summary judgment, the only issue before the appellate court is whether the
grounds expressly presented by the movant's motion at trial are insufficient as a matter of
law to support the summary judgment. Id.

Appellant has not challenged the sufficiency of the grounds expressly raised by
appellees in their motion for summary judgment, but argues in the present appeal only that
the affidavits served with her petition to set aside foreclosure raised a fact issue precluding
summary judgment. Because those grounds were not timely presented to the trial court
in response to the motion for summary judgment, we hold that they may not be considered
on appeal. (1) We overrule appellant's second issue. Because summary judgment was
appropriate on the foregoing no-evidence grounds, we need not address appellant's first
issue. Carr, 776 S.W.2d at 569. 

The judgment of the trial court is affirmed. 

 _________________________

 DORI CONTRERAS GARZA,

 Justice


Memorandum Opinion delivered and 

filed this the 5th day of October, 2006. 
1. In addition, we note that appellant's late-filed response fails to bring forth any evidence raising a
genuine issue of material fact. In fact, appellants did not attach any evidence whatsoever to their response. 
Appellant's response to the no-evidence grounds consists of only the following subheading and argument:

 

There is evidence of Wrongful Foreclosure


If the petitioner is current with his or her payments to the mortgage holder, any foreclosure
would be wrongful. This is what was alleged in the Petition to Set Aside the Foreclosure. 
The money receipts show this to be probable, which now requires a hearing before the trier
of fact on this issue. Summary judgment does not apply here.