

# NUMBER 13-23-00477-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**ANDY FLORES,**                                                                              **Appellant,**

**v.**

**ANGEL GARCIA,**                                                                              **Appellee.**

---

## ON APPEAL FROM THE 476TH DISTRICT COURT
## OF HIDALGO COUNTY, TEXAS

---

## MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Silva**
**Memorandum Opinion by Justice Silva**

Appellee Angel Garcia brought forth claims of trespass to try title, quiet title, and

conversion against his sister Criselda Moreno, her husband Jose Guadalupe Moreno,

and appellant Andy Flores.[1] The trial court granted Garcia's motion for nonsuit against Flores and motion for no-answer default judgment against Criselda and Jose, awarding title to Garcia notwithstanding Flores's surviving title claim. By four issues which we consolidate, Flores argues the trial court erred in entering a default judgment and denying his motion for new trial predicated on his lack of notice of the default judgment hearing setting. We reverse in part and remand.

## I. BACKGROUND

Garcia filed his original petition January 25, 2023, suing Criselda, Jose, and Flores. Garcia alleged that, at some unspecified date, he entered into a verbal agreement to purchase real property[2] from Criselda and Jose for $15,000. The deed remained in Criselda's and Jose's names, but Garcia made payments towards the property for three years. On October 5, 2021, Criselda and Jose executed a warranty deed, conveying the property to Flores.

Flores timely filed an answer of general denial, asserted the affirmative defenses of statute of frauds and statute of limitation, and pleaded, in relevant part, that he recover judgment for "Title and Possession to the real property" as record title owner.

On July 6, 2023, Garcia moved for a no-answer default judgment, arguing that Criselda and Jose had failed to timely respond to the suit. The trial court issued an order setting the motion for a hearing on August 31, 2023, via Zoom and notified all parties.

---

[1] Criselda Moreno and Jose Guadalupe Moreno are not parties to this appeal.

[2] The real property consists of a mostly vacant lot with a partially constructed cement building.

On August 31, 2023, Flores logged on the Zoom hearing and learned that the case had been transferred to a different trial court. Flores thereafter contacted the newly assigned trial court and was informed of a hearing occurring that day in person. Flores arrived at the courthouse after the hearing had already concluded.

On the same day, the trial court signed an "Order on [Garcia's] Oral Motion for Nonsuit Without Prejudice" against Flores and issued a default judgment order setting aside the warranty deed and awarded title of the subject property to Garcia.

On September 8, 2023, Flores filed a "Motion to Set Aside and Order New Trial," arguing Flores's counsel was never provided notice of the hearing, and although Flores arrived at the courthouse prior to his counsel, he was denied access because of his attire when he attempted to enter the courtroom to participate in the hearing. Flores additionally addressed each *Craddock* factor and asserted that he had a meritorious defense as the record title holder of the property dispute. *See Craddock v. Sunshine Bus Lines Inc.*, 133 S.W.2d 124, 126 (Tex. [Comm'n Op.] 1939). Flores attached the following documents to his motion: (1) an email notice of the Zoom meeting date, time, and link from the initially assigned trial court; (2) an affidavit by Flores, asserting neither he nor his attorney had been aware of the transfer or received notice of the in-person default judgment hearing following transfer; and (3) an affidavit by Flores's counsel asserting the same.

The trial court thereafter signed an order denying Flores's motion, and Flores's request for findings of fact and conclusions of law went unanswered. This appeal followed.

3

## II.    NONSUIT

At the outset, we note that this case is made complicated by the trial court's order granting nonsuit against Flores and subsequent award of real property based on a motion for no-answer default judgment when Flores—who Garcia does not dispute possessed title to the property—answered, sought superior right of title, and was provided no notice of the hearing that resulted in the determination of his right to title. We first address Garcia's contention that Flores lacks standing to bring this appeal because he was nonsuited.

"A nonsuit extinguishes a case or controversy from the moment the motion is filed or an oral motion is made in open court; the only requirement is the mere filing of the motion with the clerk of the court." *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010) (cleaned up). Under Rule 162, a plaintiff has the right to take a nonsuit or dismissal without prejudice "[a]t any time before the plaintiff has introduced all of his evidence other than rebuttal evidence." TEX. R. CIV. P. 162. The nonsuit or dismissal, however, "shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief." *Id*.; *see also Arriaga v. Arriaga*, No. 13-16-00610-CV, 2018 WL 6259254, at *4 & n.3 (Tex. App.—Corpus Christi–Edinburg Nov. 30, 2018, no pet.) (mem. op.) ("A plaintiff's right to a nonsuit exists from the moment a written motion is filed, or an oral motion is made in open court, unless the defendant has, prior to that time, filed pleadings seeking affirmative relief.").

At the time Garcia nonsuited his claims against Flores, Flores had already filed a pleading seeking affirmative relief, that is, he made known in his answer that he sought

4

"Title and Possession to the real property" at issue as record title owner. While Garcia had the right to dismiss his own case, his action did not operate to terminate Flores's title and possession claim. *See Villafani v. Trejo*, 251 S.W.3d 466, 470 (Tex. 2008) ("Just as a defendant's nonsuit of claims against a plaintiff does not nullify the plaintiff's claims against the defendant (or the ability to appeal those claims), neither can a plaintiff's nonsuit of claims against a defendant nullify the defendant's claims against the plaintiff."); *see, e.g.*, *Short v. Hepburn*, 35 S.W. 1056, 1057 (Tex. 1896) ("In an action of trespass to try title, the defendant may, in addition to his defensive pleas, set up, in a cross bill or plea in reconvention, his own right and claim to the land, and, by appropriate allegations, seek an affirmative recovery against the plaintiff."); *Blankenship v. Carpenter*, 741 S.W.2d 578, 582 (Tex. App.—Waco 1987, writ denied) ("In our case appellees not only alleged defensively the statutes of limitation, they also alleged that they had title to the land and they prayed for title and possession of the land. We hold their pleadings set up an affirmative claim for relief for title and possession."). In other words, Flores's claim survived Garcia's nonsuit, and Flores remained a party to the suit. *See Villafani*, 251 S.W.3d at 470. To the extent the trial court's order of nonsuit dismissed Flores's claim, it erred. *See* TEX. R. CIV. P. 162.

### III.   JUDGMENT FINALITY

Having determined that Flores's claim survived, as a precautionary jurisdictional matter, we address the finality of the default judgment challenged on appeal. *See generally Bonsmara Nat. Beef Co., LLC v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 390 (Tex. 2020) ("[A]ppellate courts generally only have jurisdiction over final

5

judgments." (quoting *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011)). "There are two paths for an order to become a final judgment without a trial: the order can (1) dispose of all remaining parties and claims then before the court, regardless of its language; or (2) include unequivocal finality language that expressly disposes of all claims and parties." *Sealy Emergency Room, L.L.C. v. Free Standing Emergency Room Managers of Am., L.L.C.*, 685 S.W.3d 816, 820 (Tex. 2024).

This Court abated proceedings and remanded this case to the trial court for clarification of its default judgment order. *See Bella Palma, LLC v. Young*, 601 S.W.3d 799, 801 (Tex. 2020) (per curiam) ("If the appellate court is uncertain about the intent of the order, it can abate the appeal to permit clarification by the trial court." (quoting *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001), *superseded by statute as recognized in Indus. Specialists, LLC v. Blanchard Ref. Co. LLC*, 652 S.W.3d 11, 14 (Tex. 2022))); *see also Chrissos v. PlainsCapital Bank*, No. 13-21-00271-CV, 2022 WL 17492276, at *3 (Tex. App.—Corpus Christi–Edinburg Dec. 8, 2022, no pet.) (mem. op.) (abating proceedings sua sponte for clarification of trial court's order to ensure appellate jurisdiction); *Garcia v. Gonzalez*, No. 13-20-00221-CV, 2021 WL 5365105, at *1 (Tex. App.—Corpus Christi–Edinburg Nov. 18, 2021, no pet.) (mem. op.) (same).

On remand, the trial court issued an order "declar[ing] in the affirmative: all claims against all parties have been fully and finally disposed." *See, e.g.*, *Bella Palma*, 601 S.W.3d at 802 ("Here, the clarifying order left no doubt about finality, so the court of appeals erred in turning to the record to resolve the issue. Instead, the appellate court was obligated to take the clarification order at face value, as a clear indication that the

6

trial court intended the order to completely dispose of the entire case.") (cleaned up). In consideration of the trial court's clarification, "[i]rrespective of its legal completeness or correctness," we conclude that the appealed default judgment is a final judgment for purposes of ensuring our appellate jurisdiction, and we proceed with Flores's challenge of the trial court's default judgment order. *See id.* at 802.

## IV. DEFAULT JUDGMENT

By what we construe to be his primary issue on appeal, Flores argues the trial court abused its discretion in denying his motion for new trial to set aside the trial court's default judgment order because he satisfied the *Craddock* factors. *See Craddock*, 133 S.W.2d at 126.

We acknowledge that Flores was not the named defaulting party in Garcia's motion for no-answer default judgment. However, it is axiomatic that a trespass to try title claim, i.e., a suit that seeks to adjudicate the supremacy of title, must be brought against anyone holding or claiming to hold superior title. *See Lance v. Robinson*, 543 S.W.3d 723, 736 (Tex. 2018). "[T]he plaintiff in such an action must establish superior title to the property." *Id.* (cleaned up). Just as a party cannot mischaracterize a trespass-to-try-title dispute through artful pleading in an attempt to skirt his burden, *see Brumley v. McDuff*, 616 S.W.3d 826, 835–36 (Tex. 2021); *see also Martinez v. Guajardo*, No. 13-20-00165-CV, 2022 WL 400837, at *2 (Tex. App.—Corpus Christi–Edinburg Feb. 10, 2022, no pet.) (mem. op.), it would be judicially infirm to permit the award of superior title against an answering party through a no-answer default judgment mechanism. Because the default

judgment here, in effect, set aside the warranty deed and adjudicated the supremacy of title, we treat Flores as if he were named.

## A. Standard of Review and Applicable Law

"If a defaulting party moves for a new trial and satisfies *Craddock*, then the trial court abuses its discretion in failing to grant a new trial." *B. Gregg Price, P.C. v. Series 1-Virage Master LP*, 661 S.W.3d 419, 424 (Tex. 2023) (per curiam). "A trial court abuses its discretion when it acts with disregard of guiding rules or principles or in an arbitrary or unreasonable manner." *In re Kappmeyer*, 668 S.W.3d 651, 655 (Tex. 2023) (orig. proceeding). Under the *Craddock* test, a post-answer default judgment should be vacated and a new trial granted only when the defaulting party establishes: "(1) the failure to appear was not intentional or the result of conscious indifference, but was the result of an accident or mistake, (2) the motion for new trial sets up a meritorious defense, and (3) granting the motion will occasion no delay or otherwise injure the plaintiff." *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 925 (Tex. 2009). It is the defaulting party's burden to prove each element of the *Craddock* test. *Milestone Operating, Inc. v. ExxonMobil Corp.*, 388 S.W.3d 307, 310 (Tex. 2012); *see also Elizardi v. One Last Cast, LLC*, No. 13-20-00372-CV, 2022 WL 551149, at *2 (Tex. App.—Corpus Christi–Edinburg Feb. 24, 2022, no pet.) (mem. op.).

If the defaulting party demonstrates that they did not receive notice of the dispositive setting, then they are relieved from proving the other *Craddock* elements. *See Mabon Ltd. v. Afri-Carib Enter., Inc.*, 369 S.W.3d 809, 813 (Tex. 2012) (per curiam); *see also Full of Faith Christian Ctr., Inc. v. May*, No. 05-20-00859-CV, 2022 WL 3273726, at

*2 (Tex. App.—Dallas Aug. 11, 2022, pet. denied) (mem. op.); *Lopez v. Balderrama*, No. 13-15-00083-CV, 2016 WL 1274403, at *2 (Tex. App.—Corpus Christi–Edinburg, Mar. 31, 2016, no pet.) (mem. op.). This is because "[w]hen a party has made an appearance through counsel[,] the rules provide that notice of all hearings must be provided." *Coastal Banc SSB v. Helle*, 48 S.W.3d 796, 801 (Tex. App.—Corpus Christi–Edinburg 2001, pet. denied). "A defendant who does not receive notice of a default judgment proceeding is deprived of due process." *Id.*; *see Mabon*, 369 S.W.3d at 813 ("Entry of a post-answer default judgment against a defendant who did not receive notice of the trial setting or dispositive hearing constitutes a denial of due process under the Fourteenth Amendment of the United States Constitution.").

## B.      Analysis

Here, neither party disputes that Flores filed an answer to the suit and was therefore entitled to "notice of all hearings." *See Helle*, 48 S.W.3d at 801. Although Flores received notice of the initial hearing on Garcia's motion for no-answer default judgment, the case was later transferred to a different trial court. Attached to Flores's motion for new trial were sworn affidavits from Flores and Flores's counsel, averring that (1) Flores appeared via Zoom at the initially scheduled hearing and learned the case had been transferred; and (2) neither had been aware of the transfer nor received notice of the in-person default judgment hearing post-transfer. The only notice of a default judgment hearing in the clerk's record is from the initially assigned trial court providing the parties with the date, time, and link for the Zoom hearing. This evidence is uncontroverted. Thus, the record establishes that Flores had no notice of the hearing on the default judgment,

9

thereby satisfying the first element of the *Craddock* test. *See Mathis v. Lockwood*, 166 S.W.3d 743, 744, 746 (Tex. 2005) (per curiam) (holding defendant satisfied first element of *Craddock* test where "[h]er sworn motion for new trial asserted that she failed to appear at the December 13th trial because she never received notice of the setting"); *see also Carillo v. Zaragoza*, No. 05-23-00282-CV, 2024 WL 2873635, at *4 (Tex. App.—Dallas June 7, 2024, no pet. h.) (mem. op.) (concluding same where client submitted an affidavit stating he received no notice of the default judgment hearing and attorney also testified unequivocally he never received notice of the setting).

Accordingly, we hold that Flores was entitled to notice of the hearing so that he could have the opportunity to contest Garcia's claims and present his own claim prior to rendition of judgment, and the trial court abused its discretion in denying Flores's motion for new trial. *See Highsmith v. Highsmith*, 587 S.W.3d 771, 778 (Tex. 2019) (per curiam) ("Most critically, a lack of notice violates basic principles of due process."); *LBL Oil Co. v. Int'l Power Servs, Inc.*, 777 S.W.2d 390, 390 (Tex. 1989) (per curiam) (reversing judgment in a post-appearance default judgment case where no actual or constructive notice of the dispositive hearing, a default judgment hearing, was shown in the record); *see also Carillo*, 2024 WL 2873635, at *4 (same). We sustain Flores's consolidated issue and reverse the default judgment in part.[3] We affirm the default judgment against the Morenos with respect to Garcia's pleaded conversion claim and damages, as well as awarded attorney's fees if available.

---

[3] We do not address the superiority of either party's claim to title as contemplated by the parties' respective pleadings.

10

## V.     CONCLUSION

We reverse the trial court's default judgment in part and remand for proceedings

consistent with this memorandum opinion.[4]

CLARISSA SILVA
Justice

Delivered and filed on the
25th day of July, 2024.

---

[4] All pending motions, if any, are dismissed as moot.

11